FILED
2020 Mar-11 PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| RAYMOND ROBERTS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 4:18-cv-1524-MHH-JHE |
| NURSE HAYNES, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

The magistrate judge filed a report on January 17, 2020, recommending that the defendants' motions for summary judgment be granted. (Doc. 30). Mr. Roberts filed a motion to alter or amend judgment, which the magistrate judge construed as objections to the report and recommendation. (Docs. 31, 32).

In his objections, Mr. Roberts states that he did not receive the "defendants affidavits & exhibits" because he was transferred from St. Clair County Facility to Donaldson Facility. (Doc. 31). Although the magistrate judge informed Mr. Roberts by orders dated June 26, 2019 and July 22, 2019 that the defendants had filed Special Reports supported by affidavits and medical documents, (Docs. 26, 28), Mr. Roberts did not let the Court know that he had not received the Special Report that defendants Haynes, Bessette, and Watkins filed. Mr. Roberts referred to Dr. Sittitavornwong's Special Report in response to an order and noted the number of pages included in

Dr. Sittitavornwong's Special Report. (Doc. 27, p. 1). Therefore, it appears Mr. Roberts received Dr. Sittitavornwong's Special Report.

Out of an abundance of caution, the magistrate judge directed the Clerk to send a copy of the Haynes, Bessette, and Watkins Special Report to Mr. Roberts. (Doc. 32, p. 2). The magistrate judge allowed Mr. Roberts 14 days to file a response to that Special Report. (*Id.*). Fourteen days have passed, and Mr. Roberts has not filed a response.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Having reviewed and considered the materials in the record, the Court accepts the magistrate judge's report and adopts his analysis of Mr. Roberts's federal claim under the Eighth Amendment. By separate order, the Court will enter judgment for the defendants on that claim. The Court also adopts the magistrate judge's recommendation that the Court dismiss any potential state law claim pursuant to 28 U.S.C. § 1367(c)(3).[1]

A separate order will be entered.

**DONE** this 11th day of March, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[1] As the Court understands it, Mr. Roberts's discussion of his transfer in his motion to alter or amend is an explanation of his delay in responding to the Special Reports. (Doc. 31). To the extent that Mr. Roberts may be seeking relief for his transfer, the Court cannot consider a new request for relief at this stage of this action.